Filed 4/15/14  P. v. Vaughan CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>SCOTT EVAN VAUGHAN,<br><br>        Defendant and Appellant. | C074356<br><br>(Super. Ct. No. 12CR19604) |

Appointed counsel for defendant Scott Evan Vaughan asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

On June 1, 2012, at about 11:00 p.m., Jennifer Cheney returned to the apartment she had shared with defendant (her former boyfriend) to retrieve the rest of her

1

belongings. Defendant was drunk, insulted Cheney and told her to get out of the apartment. As Cheney walked towards the front door, defendant threw a glass vase at her, striking her in the back. Cheney made a comment which enraged defendant, causing him to charge and push her to the floor. Cheney landed on the glass vase, sustaining a deep laceration to her leg that required sutures.

Defendant pleaded guilty to corporal injury to a cohabitant, with an enhancement for personally inflicting great bodily injury. (Pen. Code, §§ 273.5, 12022.7, subd. (e).) The trial court sentenced defendant to seven years in state prison, suspended execution of sentence, and placed defendant on formal probation for five years, subject to various terms and conditions including abstaining from alcohol and attending a 52-week batterers' treatment program.

Defendant attended the intake session for the batterers' class, missed the next four classes, and was terminated from the program.

On March 12, 2013, an officer was dispatched to defendant's home at around 5:58 p.m. The officer contacted defendant, whose breath smelled of alcohol. Defendant told the officer he was seeing people around his home and he thought they were going to attack him. The officer searched the area but did not see anyone else. The officer asked defendant if he had been drinking; defendant admitted drinking several shots of alcohol and using methamphetamine that day. After determining that defendant was on probation with a provision that he abstain from alcohol, the officer arrested defendant.

Following a contested hearing, the trial court found that defendant violated his probation because he was terminated from the batterers' class and consumed alcohol. The trial court terminated probation, executed the seven-year state prison term, imposed various fines and fees, and awarded 34 days of presentence credit (30 actual days and four conduct days).

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal.  (*Wende, supra,* 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                            MAURO                , J.


We concur:


            RAYE                , P. J.


            MURRAY            , J.


3